UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDGAR ELLIOTT MIRANDA,

Plaintiff,

v. Case No. 3:26-cv-1470-MMH-SJH

SERGEANT SOUTHERS and FLORIDA DEPARTMENT OF CORRECTIONS,

Defendants.

---

**ORDER**

Plaintiff Edgar Elliott Miranda, an inmate of the Florida penal system, initiated this action in the Fort Myers Division by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1). A judge of the Fort Myers Division transferred the case to the Jacksonville Division because Miranda seeks relief related to events that occurred at Columbia Correctional Institution Annex. See Order (Doc. 3). Miranda names two Defendants, the Florida Department of Corrections (FDC) and Sergeant Southers, for an alleged Eighth Amendment violation. See Complaint at 2. He asserts Defendant Southers physically assaulted him by punching him in the head, allegedly because he (Miranda) filed grievances against Southers. Id. at 5. As relief, Miranda seeks

compensatory and punitive damages and "to place criminal charges on [Defendant] Southers." Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss a complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails

[1] Miranda is proceeding as a pauper. See Order (Doc. 9).

to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Amended Complaint, the Court must read Miranda's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than

pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action," Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). A plaintiff must allege "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Accepting Miranda's allegations as true and liberally construing them—as the Court must do when assessing his Complaint under the PLRA—he plausibly states a claim against Defendant Southers for excessive force in violation of the Eighth Amendment. However, the state of Florida, including a state agency such as the FDC, is not a person subject to monetary liability

under § 1983. Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011);[3] see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding an official-capacity suit is essentially a suit against the state, which is not a "person[] under § 1983"). As such, the FDC is subject to dismissal.[4]

Moreover, Miranda's request that criminal charges be brought against Defendant Southers also will be dismissed because this Court cannot initiate a criminal investigation into alleged unlawful actions by prison staff. See Billings v. Allen, Civil No. 7:14-CV-052-HL-TQL, 2014 WL 1621782, at *4 (M.D. Ga. Apr. 22, 2014) ("The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions."); Stoll v. Martin, No. 3:06CV180/LAC/EMT, 2006 WL 2024387, at *3 (N.D. Fla. July 17, 2006) ("This court cannot direct that a federal prosecution occur; authority to investigate and initiate criminal complaints rests exclusively with federal prosecutors.").

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] In permitting Miranda's excessive force claim against Defendant Southers to proceed, the Court expresses no view on the likelihood of success of that claim.

Therefore, it is now **ORDERED:**

1. Miranda's claim against the FDC is **DISMISSED without prejudice**.

2. Miranda's request that criminal charges be brought against Defendant Southers is **DISMISSED**.

3. The **Clerk** shall terminate the FDC as a party to this action.

4. The Court will direct service of process on Defendant Southers by separate Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6
c:
Edgar Elliott Miranda